# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| COREY FONDREN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-1102 JCH |
| MICHAEL WHITE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Corey Fondren, (registration no. 157305), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $9.11. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will direct plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff's average monthly deposit is $45.57, making his initial partial filing fee $9.11.

## 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When

faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

Pro se complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff Corey Fondren, an inmate at St. Louis County Justice Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his arrest on June 3, 2017. Plaintiff names three St. Louis County Police Officers as defendants in this action: Michael White; Unknown Saul; and Unknown Mason. Plaintiff states that he is suing defendants in both their individual and official capacities.

Although plaintiff initially used a court-provided form to file his complaint, he has since supplemented his complaint with handwritten documents and exhibits on four separate occasions. It appears, just from reviewing plaintiff's claims in his original complaint, that plaintiff is asserting that the defendant officers used excessive force during the course of his arrest on June 3, 2017.

Plaintiff's handwriting is difficult to read, and the Court does not accept supplements to complaints or amendments to the complaint by interlineation.[1] Therefore, plaintiff will be asked to amend his complaint on one centralized complaint form that includes all of his claims.

**Discussion**

Plaintiff's allegations regarding excessive force are serious and could possibly state a violation of his civil rights. However, the complaint, and supplemental documents filed by plaintiff are deficient. Plaintiff has failed to allege specific facts showing how each individual defendant was directly involved in or personally responsible for the alleged violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see, also*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct").

Here, plaintiff's complaint and supplemental pleadings takes a shotgun-like approach, naming several defendants allegedly responsible for the violations. This type of pleading does not meet the requirement that plaintiff establish a causal link to, and direct responsibility for, the alleged deprivation of his rights. In order to meet this threshold, plaintiff must plead that each individual defendant, through his or her own personal actions, violated his rights. He cannot raise a claim and then simply assert that all the named defendants are responsible. Additionally, plaintiff may not attach "supplements" or additional documents to the complaint in order to try to meet the pleading requirements of the Federal Rules of Civil Procedure.

---

[1] Plaintiff has filed four supplements to his complaint. *See* Docket Nos. 6-9.

The Federal Rules of Civil Procedure require a plaintiff to make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement needs to give the defendant fair notice of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Because of the nature of the allegations and because plaintiff is proceeding pro se, the Court will allow him an opportunity to file an amended complaint. Plaintiff should type, or neatly print, the amended complaint, and should use a court-provided form. Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should select the claim(s) he wishes to pursue, and limit the factual allegations to only the defendant(s) who were actually involved. If plaintiff names more than one defendant, he must assert only claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may name one single defendant and bring as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.[2]

In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. The title of the complaint must name all of the parties that plaintiff intends to sue. *See* Fed. R. Civ. P. 10(a). In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow this same procedure for each defendant. That is, for each defendant, he must separately write the defendant's name and then, under that name, provide a short and plain statement of the factual

---
[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

allegations supporting his claim against that specific defendant. The Court emphasizes that it is not sufficient to list a group of defendants and state they violated his rights. Instead, plaintiff must separate his claims, and must allege facts showing how each individual defendant is directly responsible for the alleged harm. The allegations must be simple, concise, and direct. As noted above, they must be in numbered paragraphs, each paragraph limited to a single set of circumstances.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file a second amended complaint on a Court-provided form within twenty-one days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

At this time, the Court will decline to appoint counsel in this matter. It appears that this case is relatively straight forward, and plaintiff has shown his ability to file pleadings on his own behalf. Plaintiff may renew his motion for appointment of counsel at a later time if necessary.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $9.11 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within twenty-one (21) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within twenty-one (21) days from the date of this Order on the court-provided complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED WITHOUT PREJUDICE**.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

Dated this 5th day of September, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE