# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

COREY FONDREN,                          )
                                        )
     Plaintiff,                        )
                                        )
v.                                      )     No.  4:18-CV-1102 JCH
                                        )
MICHAEL WHITE, et al.,                  )
                                        )
     Defendants.                       )

## MEMORANDUM AND ORDER

Before the Court is plaintiff Corey Fondren's amended complaint, as well several supplements to the amended complaint, and motions relating to discovery.[1] Plaintiff was instructed to file an amended complaint on September 6, 2018, which encompassed the entirety of his allegations in this action. Because plaintiff has failed to comply with this Court's September 6, 2018 Memorandum and Order, he will be required to file a third amended

---

[1] Plaintiff has filed a motion seeking testimony from a witness, as well as a motion seeking evidence. [Doc. #22 and #23] Plaintiff has additionally filed a second motion to proceed in forma pauperis seeking waiver of the filing fee now that he is a civil detainee at St. Louis Psychiatric Center. [Doc. #20] Plaintiff has also filed a "Legal Document" with the Court, Document No. 24, purporting to be "evidence" of mistreatment by "Officer Saul." Although this Court will grant plaintiff's request for waiver of the filing fee, plaintiff's request for discovery, as well as admission of evidence before the Court, Document No. 24 will be denied and/or stricken from the Court record. Plaintiff does not have one comprehensive complaint on file in this action, and the matter has not been reviewed pursuant to 28 U.S.C. § 1915. Furthermore, the Court does not accept evidence in the Court record. After the filing of one central complaint in this action, this case must be reviewed pursuant to § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted, and only those claims and defendants that survive review will be issued process on after such review has occurred. After service of process and any motions to dismiss plaintiff's complaint have been ruled on, and all answers to the complaint have been filed, a Case Management Order ("CMO") will be issued in this case setting forth deadlines for discovery in this matter.

complaint in this action within twenty-one (21) days of the date of this Order. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his arrest on June 3, 2017. In his amended pleading, plaintiff names three St. Louis

County Police Officers as defendants in this action: Michael White; Unknown Saul; and Unknown Mason. Plaintiff states that he is suing defendants in both their official and individual capacities. It appears, just from reviewing plaintiff's claims spread throughout his pleadings, that plaintiff is asserting that the defendant officers used excessive force during the course of his arrest on June 3, 2017.

On September 6, 2018, the Court reviewed plaintiff's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and found that plaintiff's complaint failed to comply with Federal Rules of Procedure 8 and 10. Although he had initially filed his complaint on a court-provided form, he also supplemented his complaint with handwritten documents and exhibits on four separate occasions. Plaintiff's handwriting was difficult to read, and his allegations at times seemed inconsistent among the multiple documents that plaintiff considered his pleading. Moreover, as was explained to plaintiff in the Court's September 6, 2018 Memorandum and Order, the Court does not accept supplements to complaints or amendments to complaints by interlineation. See *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir.2008). Thus, plaintiff was ordered to amend his complaint on one centralized complaint form that included **all of his claims**.[2]

_____

[2] Plaintiff was given guidance relating to the causal connection requirement contained in 42 U.S.C. § 1983 in the September 6, 2018 Memorandum and Order. Specifically, plaintiff was told that in his original pleading he had failed to allege specific facts showing how each individual defendant was directly involved in or personally responsible for the alleged violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see, also, Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct").

Plaintiff was given very specific instructions on how to amend his complaint in order to comply with Federal Rules of Procedure 8 and 10. The Court took time, in a seven-page Memorandum and Order, to set forth exactly how plaintiff should determine which defendants he wished to sue and set forth his factual allegations against each defendant in separate, numbered paragraphs under that defendant's name.

On September 24, 2018, plaintiff filed his amended complaint that numbered 18 pages, as well as a two-page supplement to his amended complaint. Plaintiff supplemented his amended complaint on an additional four occasions.

## Discussion

The Court has reviewed plaintiff's amended complaint and supplemental pleadings and once again finds that it does not comply with Federal Rules of Civil Procedure 8 and 10. Plaintiff's claims still appear to be excessive force, but they are buried in a rambling, amended pleading and multiple additional supplements to his complaint. And plaintiff's handwriting is extremely challenging to read, making his assertions against the defendants even more problematic to discern.

The Court recognizes that plaintiff has attempted to comply with the Court's prior Order by enumerating each defendant on a separate sheet of paper and then identifying his claims against that particular defendant underneath the defendant. However, Rule 8(a) requires "a short and plain statement," and Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." As noted above, plaintiff's handwriting is extremely difficult to read, and he has once again provided supplements to his amended complaint, and the pleading itself is neither concise nor direct.

In order to comply with Federal Rule of Civil Procedure 10, **plaintiff needs to have separate paragraphs in his amended complaint, designating what each defendant has alleged to have done to violated his rights, and his writing needs to be discernible to the Court.** Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[3]

If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights).

---

[3] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff shall have twenty-one (21) days from the date of this Order to file **one** third amended complaint.[4] Plaintiff is warned that the filing of the amended complaint completely replaces the original and all prior pleadings. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit a third amended complaint in accordance with the instructions set forth herein, on a court-provided form. The Court will not allow any additional supplemental or amended pleadings

**IT IS FURTHER ORDERED** that plaintiff's motion for waiver of the initial partial filing fee [Doc. #20] is **GRANTED, as plaintiff is being held as a civil detainee**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's discovery motions [Doc. #22 and #23] are **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's filing regarding "evidence" of mistreatment of defendants shall be stricken from the Court record [Doc. #24] as the Court does not accept discovery.

---

[4]The Court will not accept multiple supplemental pleadings in one action.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 14th  day of January, 2019.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE