UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| COREY FONDREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1102 JCH |
| | ) |
| MICHAEL WHITE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff Corey Fondren's third amended complaint. After reviewing the third amended complaint in its entirety, the Court will partially dismiss the third amended complaint and will issue process on the non-frivolous portions of the complaint.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in

1

ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his arrest on June 3, 2017. In his third amended pleading, plaintiff names three St. Louis County Police Officers as defendants in this action: Michael White; Unknown (Female) Saul; and Unknown Mason. Plaintiff states that he is suing defendants in both their official and individual capacities. Plaintiff is asserting that the defendant officers used excessive force during the course of his arrest on June 3, 2017.

Plaintiff alleges that he was handcuffed in a yard in Florissant, Missouri in June 2017 by Officer Unknown Mason. He claims that Mason "sat on top of [his] back and applied pressure to [his] elbow trying to break it." He claims that he suffered a bruise to his right elbow with pain going all the way down to his hand for approximately one month.

Plaintiff asserts that while he was handcuffed with his hands behind his back, laying down, Officer Saul, a female St. Louis County Officer, used a lighter to burn his thumb "for over 10 seconds." Plaintiff states that he received a permanent blister on his thumb as a result this force.

Plaintiff additionally alleges that while he was handcuffed with his hands behind his back, laying down, Officer Michael White used his right foot to kick him in the head. Plaintiff

states that he suffered a bruise to his left eye and was unable to see for weeks out of it as a result of Officer White's actions.

Plaintiff seeks monetary damages in his third amended complaint.

## Discussion

The Court believes that plaintiff has alleged enough to survive initial review on his Fourth Amendment[1] excessive force claims against defendants Mason, White and Saul in their individual capacities. The Clerk will be instructed to issue process or cause process to issue on these claims.

Plaintiff's official capacity claims against defendants, however, are subject to dismissal. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to plaintiff's official capacity claims and they will be dismissed.

---

[1] The first step in analyzing a § 1983 excessive force claim is to identify "the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Fourth Amendment protects against deprivations of liberty and specifically, against the use of excessive force during an arrest, investigatory stop, or other "seizure" of a person. *Id.* at 388. By contrast, the Due Process Clause of the Fourteenth Amendment protects against conditions of pretrial confinement that amount to punishment. *Bell v. Wolfish,* 441 U.S. 520, 533–34, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *see also Riley v. Dorton,* 115 F.3d 1159, 1162 (4th Cir.1997) ("A deprivation of liberty ... is not the same thing as a condition of confinement.").

Accordingly,

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the third amended complaint as to defendants St. Louis County Police Officers Michael White, Unknown Female Officer Saul and Unknown Male Officer Mason in their individual capacities. These officers should be served with summons at the St. Louis County Police Department, 41 South Central Ave., Clayton, MO 63105.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants St. Louis County Police Officers Michael White, Unknown Female Officer Saul and Unknown Male Officer Mason shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the third amended complaint as to plaintiff's claims against defendants in their official capacities because, as to these claims, the third amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of February, 2019.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE